Okay. Case number 090406, People v. DeMarcus Dunn. The attorneys representing the parties, please approach. Good morning, Your Honors. I'm Assistant State's Attorney Sulema Madrano, and I represent the people of the state of Illinois. My name is Kerry Getsch, I represent DeMarcus Dunn. Okay. Good morning. Justice Smith, who normally presides with us, is unable to be here today because a family member, close family member, required medical care, and he's required to be there rather than here. However, this hearing is being recorded. He will listen to the tape of the arguments, and together we'll reach a decision and issue a decision probably within the next few weeks. We normally allot about 30 minutes per case to hear these cases with the time divided between the parties. I note today that this is the only case on the call, so while 30 minutes will be our goal, we have a little flexibility to allow additional time to allow the parties to fully make their arguments. With that, you may proceed. Good morning, Your Honors. Good morning. Pleased to court. Again, my name is Kerry Getsch, and I represent DeMarcus Dunn. As noted in the briefs, there are at least three legal errors in this case, but I'd like to focus my time during this argument on the first two, the jury instruction problems and the appendix sentencing issue. In both of these issues, the problem boils down to the judge usurping the jury's role as the fact finder and ultimately making factual determinations that should have been made by the jury. With respect to the jury instruction issues, the judge precluded the defense from offering lesser-included defense instructions based on the judge's determination that the weapon used in this case was a quote-unquote dangerous weapon, even though there was substantial evidence that the weapon involved was a BB gun. That was a determination that the jury should have made. Similarly, under appendix… But the cases uphold that a BB gun, if it could be used in a bludgeon, then it is a dangerous weapon as a matter of law, isn't it? Well, the cases don't hold that it, as a matter of law, every time, is a dangerous weapon. In fact, the law is clear that whether a BB gun is a dangerous weapon is a factual determination that should be made by the jury or by the trial effect. And I believe that's a quote from People v. Thorne, which is a 2004 decision from this court. It was a very similar factual scenario where the court was clear that a BB gun, since it's not inherently dangerous, doesn't fall into the class 1, 2, or 3 weapons category. It's a factual determination that needs to be made as to whether that gun is a dangerous weapon for purposes of being in a bludgeon. What about the accountability aspect of this, though? Much of your argument seems to skirt the issue of the language, or one for whom he is responsible, that brings into play not only the BB gun that the defendant claimed to have possessed, but also the gun described as possessed by the co-defendant. Well, one of the reasons, I guess, that the argument seems to skirt that is that the evidence of accountability for purposes of the co-defendant possessing the weapon really isn't that compelling. It's the witness's testimony that he had this large pocket. He appeared to have a gun. He put the gun back in the pocket. But there was no second gun found. There was no admission to a second gun. But there was also no contrary evidence, was there? No, but again, this is a factual determination that the jury needs to make. The judges… And how do we know that they didn't make that determination in their verdict, this general verdict form? Let's go ahead. I'm sorry. That is one of the problems with not including the lesser-included defense instructions. Had the judge allowed those lesser-included defense instructions, we would know more clearly what the jury was thinking, whether the jury felt that an actual weapon was used. By including the lesser-included defense instructions, the jury was allowed to consider the BB gun as a non-dangerous weapon, but they were also allowed to consider, as the state points out, these other scenarios. But we just don't know because the jury was precluded from considering those things by the judge's determination of this factual finding that a dangerous weapon was used. But isn't it an abuse of discretion standard that we're dealing with here in viewing the judge's decisions on jury instruction? Well, the abuse of discretion standard… The cases say that it's an abuse of discretion for the judge to preclude a lesser-included defense instruction if there is some evidence that would support it. So really what we're looking at is whether there is some evidence to support it. In that instance, what this court looks at is having DeNovo look at whether that minimum threshold has been met. So while the language does say it is an abuse of discretion for the judge to preclude a lesser-included defense instruction, that's not the standard that you're looking at on appeal. You're looking at whether this minimum threshold has been met, that the defense request for these instructions should have been granted. I believe the evidence at trial was that this gun was made out of – this BB gun was made out of metal and it weighed a pound and a half. And that's kind of different from some of the cases where it's a plastic weapon and there's no evidence that it could be used as a bludgeon. Isn't there just the one conclusion when you have a pound and a half piece of metal in your hand that that's a dangerous weapon? That's dangerous? Well, there's no cases that say that as a matter of law, a one and a half pound piece of metal is a dangerous weapon. And again, I think it's a determination that the jury needs to make as to whether this object that the defendant possessed was a dangerous weapon because it's not statutorily defined as such. Well, a bludgeon is statutorily defined as a dangerous weapon. Correct. But the factual determination as to whether an object is a bludgeon – I mean, a large salami could be a bludgeon under certain factual scenarios. A card or a salami. Well, either or. I didn't mean to confuse it in the right manner. My grandmother made matzo balls that I suppose could have been bludgeons and you just sort of pushed them to the side. Correct. But that would be a factual determination that you would want the jury to determine because, again, it's based on the facts of the specific case. So the Western Pluto defense instruction should have been given and it was improper for the judge to substitute his own factual findings for the jury determination. And it was similarly improper for the judge to make a factual finding that an extended term sentence was warranted for the aggravated kidnapping conviction. Illinois law clearly distinguishes between adult convictions and juvenile adjudications. And based on Apprendi, any fact that is not a conviction has to be proven up before the extended term range can apply. The judge used prior juvenile adjudications for residential burglary to enhance the sentence in this case. But as I just said, proceedings under the Juvenile Act are not correct. So that wasn't a conviction for purposes of Apprendi. While the two types of proceedings maintain certain similarities, Illinois is still clear that juvenile proceedings aren't adversarial in nature. And basically one of the main distinctions that remains is the lack of a right to a jury trial during juvenile proceedings. And I think if you look at Apprendi, that really is the heart. The state makes the statement that the reliability of the information is what's central. But if you read Apprendi, it's the right to a jury trial that is one of the things that protects due process and ensures reliability for purposes of precluding the later jury determination of the fact. The legislature also recognizes this distinction. They enlist adult convictions separately from juvenile convictions in the sentencing statute. And to this point, no Illinois court has made the determination that juvenile adjudications are treated the same for purposes of Apprendi as adult convictions. I don't think that this court should take that step. I think it would be inappropriate under Apprendi. So in this case, the judge made two factual determinations that shouldn't have been made by the jury. It was for the jury to determine whether the BB gun was a quote unquote dangerous weapon for purposes of aggravated offenses. And the judge precluding that was inappropriate. It was also for the jury to determine whether the extended term sentencing range should be applied. And as the judge did not allow the jury to make these determinations, Mr. John asked this court to remand this case further into the trial or alternatively for re-sentencing. Thank you. Thank you. We reserve some time for rebuttal.  May it please the Court. Again, I'm Assistant State's Attorney Salema Medrano. I represent the people of the state of Illinois. On his appeal, defendant claims that the trial judge improperly refused to instruct the jury on the lesser included offenses of robbery, kidnapping, and vehicular hijacking. However, the people maintain that the trial court properly denied defendant's request because the jury could not have rashly convicted defendant of the lesser offenses and acquitted him on the charges of armed robbery, aggravated kidnapping, and aggravated vehicular hijacking, where the evidence clearly established that defendant and co-defendant Howard each had a dangerous weapon when they committed the crimes against the victim, Ms. Wheeler. Is it at all troubling to you that in instructing the jury on those offenses that the statutory definition of the weapon didn't track the statute or wasn't given? No, Your Honor. The trial court properly... Don't you think that the elements of the offense are important to tell the jury? Well, in this case, the state wasn't seeking the enhancements, which it would have... If the state would have sought the enhancements based on there being a firearm versus a BB gun, then the definition would have made a difference. But this court has actually addressed this issue in co-defendant Howard's case when it reviewed his appeals and determined that the trial court did not abuse his discretion when he gave that definition because the definition proposed by the defendant would have made no difference since no enhancements were being sought here. But, you know, we're all human beings and we all make mistakes. Because of the confluence of the state's attorney not offering the proper instructions, the defense attorney not offering the proper instructions, and the judge not catching the mistake, can we agree that the statutory definition wasn't provided to the jury? Well, the statutory provision that was suggested by the defendant was not provided. However, the trial court properly defined it based on IPI 4.17. And according to Illinois Supreme Court Rule 451A, juries in criminal cases must be instructed pursuant to the IPI unless the court determines that that particular instruction does not actually state the law. And here, the definition of dangerous weapon was a weapon or instrument which was not inherently dangerous but may be a dangerous weapon depending on the manner of its use and the circumstances of the case. Now, that's inclusive of whether or not the jury found that the evidence in this case was twofold. So if they found that it was in fact the gun which Ms. Wheeler testified in great detail or whether it was the BB gun which the defendant claimed in his self-serving statement to ASA Gonzalez that that was the gun he used during this incident. Isn't everybody's testimony usually self-serving in some way? Yes, Your Honor. Okay. Well, why don't we just take that out of the equation then? Because it really doesn't come down to, in instruction issues, whether the testimony that's provided is self-serving or selfless, does it? If there's some slight evidence, it's something that needs to be instructed on. Well, Your Honor, the standard is not slight evidence. In fact, the defendant does cite People v. Divisento. Sorry for announcing that. And claims that a lesser-included instruction is needed with very slight evidence that would reduce the crime to the lesser-included offenses. But in fact, the court nowhere in that opinion includes language very slight. In fact, they say some. And that's been the standard of the courts in Illinois, that some evidence needs to be presented, sufficient evidence needs to be presented in order for the court to properly instruct the jury on a lesser-included offense. So, in your view, the judge should do a weighing of factual, make factual determinations and weigh the credibility of the evidence before he or she decides whether to instruct on a lesser? Well, Your Honor, if some evidence is included, then yes. But here there was no evidence presented to establish that this was not a dangerous weapon. In fact, the trial judge thoroughly explained this in his decision where he said that the evidence in the case was twofold. One, you have the victim, Ms. Wheeler, who testified to both weapons that defendant and co-defendant Howard used against her, that they were heavy, metal, they had a four-inch barrel. And then second, the State introduced the BB gun into evidence, which was admitted as People's Exhibit 21. Again, defendant made a statement to ASA Gonzalez that this was the weapon he used. Now, the State also presented evidence by a police officer as to the BB gun's recovery, what it was, its shape, what it was composed of, its ability to be used as a striking instrument in a club, and even that if it was, even its dangerous nature, if used as a BB gun while it's spelling BBs. The judge emphasized that there was no attack on this testimony whatsoever, and as a result the only evidence in the trial was of the dangerous nature of the weapon that defendant used. The judge also noted that the defense theory in this case was misidentification. So either he committed these crimes or he didn't. And that's, so as part of that, the judge instructed the jury as to what a dangerous weapon was, and that was one of the elements the State had to meet. So either he committed it or he didn't. It's well settled that lesser-included offense instructions are required only in cases where the jury could actually find the defendant guilty of the lesser-included and not guilty of the original charges. According to People v. Cannon and People v. Moore, there must be some evidence in the record to justify instruction. It's in the court's discretion to determine which issues are raised by the evidence and whether instruction should be given. So in People v. Cannon, the court found that the trial court's refusal to charge the defendant on the lesser-included offenses of robbery versus armed robbery was proper because the witnesses testified that both defendant and co-defendant had a gun on them. In that case, no gun was retrieved. In fact, the court noted that had the judge provided a lesser-included instruction without any evidentiary support, that would have been a reversible error in and of itself. Defendant does ask as a primary issue that the court review this de novo. However, the Illinois Supreme Court has expressly stated that it reviews the trial court's decision for an abuse of discretion under People v. Hudson and People v. Moore. Even assuming for purposes of argument that the instruction was required by the evidence, the refusal to give the instruction is harmless error and does not warrant a reversal where the evidence is so clear and convincing that the jury could not have easily found the defendant not guilty. Here you have a case where Ms. Wheeler, the victim, testified in detail as how the defendant and co-defendant Howard committed these crimes against her. You have the defendant's DNA on a straw in the vehicle. You have fingerprints on the driver passenger window and on the trunk. You have Ms. Wheeler's photo array. The attack, counsel, really isn't on whether a crime was committed. The attack really is on whether there was an opportunity for the jury reasonably to determine that a dangerous weapon was used. And so when you're doing the analysis of whether it was overwhelming evidence or not, it should be really focused, don't you think, on the issue of the weapon because that's really all that's at play. Well, Your Honor, the Supreme Court in People v. Skelton said that in a majority of cases, it becomes a question for the fact finder to determine whether or not the particular weapon can be used in a dangerous manner. However, the court did state that when the character of the weapon is of such to conclude only one conclusion, then the question becomes one of law for the court, and that's exactly what happened here. All the evidence presented, whether you believe Ms. Wheeler's testimony that the BB gun was not what was used but, in fact, a larger gun was used against her, or if you believe the defendant's statement that this was actually the gun used, the evidence presented at trial only led to one conclusion, that this was a dangerous weapon. So you're taking the position, are you, that any time somebody has a piece of metal that weighs a pound and a half, then it's a matter of, it should be viewed as a matter of law, a dangerous weapon. No, Your Honor, that's not the State's position. In fact, in People v. Skelton, they found under those circumstances, it was a matter to be presented in front of the fact finder. But the facts of that case are extremely distinguishable from the facts of this case. In Skelton, a plastic toy revolver was taken from the defendant's waistband, where he was found laying 300 yards from the scene of the crime. Now, that gun was constructed of hard plastic. The gun was thin, tin-like metal, and it was only about 4 inches in length and very light. The court found that the toy gun was harmless, because it couldn't be used as a striking instrument, it wasn't heavy enough, it wasn't composed of the right material, and at most could be used to poke the victim in the eye. But that is not the circumstance in front of the court to date. The weapon was introduced into evidence and before the judge himself, and there was testimony of the weight being almost 2 pounds, that it was heavy metal, that the barrel was at least 4 inches, and that even if used as an actual BB gun was dangerous in nature. So the evidence became one of law for the court to determine, because there was nothing contradicting that. There was no cross-examination of the police officer. There was no additional evidence entered. Which leads me to the second issue the defendant raises on appeal, in that his juvenile adjudication is not a conviction under Apprendi, and therefore cannot serve as a basis to extend his sentence without being submitted to a jury and proven beyond a reasonable doubt. Now, before I start, your honors, I would like to point out an error in the state's brief. In our brief, the state argued that the defendant forfeited his Apprendi claim by failing to challenge it at sentencing and in his post-sentencing motion. However, after reviewing the record before argument, the defendant did object during sentencing. It's in the record WW50-51. However, his failure to include his Apprendi claim in his post-sentencing motion amounts to forfeiture under P. B. Reid. The defendant does ask this court to review his claim under the plain error doctrine. Under the plain error doctrine, review of unpreserved error is allowed when the evidence is so closely balanced, regardless of the seriousness of the error, or the error is so serious, regardless of the closeness of the evidence. Well, counsel, let's examine Apprendi as a whole. The basis of Apprendi, wouldn't you agree, is that before enhancements are applied, that with the exception of a conviction, it should be something proved to a jury beyond a reasonable doubt. Yes, your honor. And so, would you agree with me that the aspect of having those issues, other than the conviction, used is that A, reasonable doubt should be applied, and B, that the defendant should not be deprived of his right to have a jury determination of those issues. No, your honor. The people's position is that as long as the defendant is provided the procedural safeguards that are constitutionally allowed to him, and that the finding is reliable under the Constitution, that they are sufficient to be, that they are included in the convictions exception under Apprendi. This issue was specifically addressed in Welsh v. United States, the Seventh Circuit case, where the Seventh Circuit took the position of an overwhelming majority of federal circuits that found that the use of juvenile adjudications as a sentencing enhancement is proper, and also found they fell within the Apprendi exception. The court specifically stated that juvenile adjudications are procedurally reliable because they are afforded rights to receive counsel, notice, confrontation of the witnesses, right to self- But I know I'm not, except in very unusual circumstances, the right to have a jury determine their issue of guilt or innocence. You're right, your honor. Juveniles, unless they waive their status as a juvenile, do not have the right to a jury. However, the absence of the jury right does not make the adjudication unreliable for purposes of Apprendi. They still are provided the procedural safeguards that make that determination reliable. They have every safeguard except the jury. Yes, your honor. Being noticed, right to confront the witnesses, right to counsel, right against self-incrimination, and most importantly, proof beyond a reasonable doubt. Now, defendant relies heavily in his reply brief on people v. Taylor to support his position. However, as he admits in his reply brief, the court's ruling in Taylor is not dispositive here. In fact, the Taylor court took no issue on the present issue and instead distinguished the important difference between a case like that and a case where prior conviction is being used to enhance the defendant's sentence. Here, the trial court did not err by extending the defendant's sentence based on his prior juvenile adjudication because they fell within the statutory provision in Illinois and within the prior conviction exception. Even assuming the court finds an Apprendi error, the defendant cannot meet his burden under the second prong of plain error analysis. The Illinois Supreme Court specifically held that an Apprendi error does not rise to the level of structural error. Thus, the defendant cannot satisfy the second prong of plain error. And therefore, he must show that the evidence was closely balanced as to whether his juvenile adjudication met the requirements of subsection 3.2B11. And he cannot do that here. Well, are we entitled to consider that there is a split of authority throughout the United States as to whether it is or it is not? Doesn't that indicate some issue touching on the balance between the positions on that? I mean, a number of courts have found, although not as many have found the contrary, that a juvenile adjudication does not fit within this exception. Your Honor, the only case that the States were aware of is the Ninth Circuit case of Tiggery. I may be mispronouncing the name of the case. My apologies. But People v. Tiggery, the Ninth Circuit case. However, that case was decided in 2001 and 2006 in Boyd v. Newland. The Ninth Circuit Court specifically said that the presidential value of Tiggery is limited and that although the case hasn't been overtly overruled, it has been questioned by later Ninth Circuit cases. And in that case, they specifically found that the California law did not preclude juvenile adjudications from enhancing the sentence of adult offender. Besides that case, Your Honor, the State is unaware of any other case that supports the defendant's position. But there still have been dissents, even in the Seventh Circuit case, on that issue. So doesn't that reasonable disagreement between judges in different jurisdictions factor into whether there's a close balance? Your Honor, it is a close balance. As the Seventh Circuit in Welsh, United States, pointed out, that Apprendi did not address whether or not a conviction could be used to enhance the defendant's sentence. In that case, it was whether or not the defendant's sentence could be enhanced based on a finding by the judge by preponderance of the evidence that the crime was committed in a biased manner. Welsh discusses, citing People v. Smalley, which is an Eighth Circuit case, that the court established what constitutes sufficient procedural safeguards, jury and proof beyond a reasonable doubt. And what did not? A judge-made finding of a lesser standard. But they did not take the position on the possibilities that lie in between. And that's exactly what Welsh was addressing. And the people asked that the State take on the position of Welsh v. United States in that juvenile adjudications are procedurally reliable because of all the constitutional protections that are afforded and that they should fall within the exception of Apprendi under the conviction exception and be allowed as a recidivist factor to extend beyond the statutory maximum. Here, the defendant can't meet the plain error standard under the second prong or the first prong. Defendant simply states that because there was no evidence of defendant's juvenile adjudications presented before the jury, that plain error occurred. However, Your Honors, in this case, the record indicates that defendant's prior juvenile adjudications were uncontested. Defendant never challenged the accuracy of the pre-sentencing investigation report, which included his prior juvenile adjudications. And further, even during the sentencing hearing and defendant's argument in mitigation, his mother admitted to his prior juvenile adjudications for robbery and residential burglary. She even explained that he was placed on probation several times. Nobody's contesting that they heard. You're quite right about that. But the impact of that is really what we're talking about here, apparently. Yes, Your Honor.  Yes, Your Honor. And what the State's position is is that the evidence is clear that the prior adjudications were uncontested, which lessened the procedural due process claim. They mitigated it, as addressed in Almodera's Taurus. The Supreme Court specifically stated in that case where the facts were uncontested, the concerns of due process violations are lessened and less of a concern. And the same applies here. But more importantly, where it's clear that the juvenile adjudications were uncontested, no properly instructed jury could have found otherwise that these were valid juvenile adjudications. And practically what the defendant is asking is that in a bifurcated trial, the jury would be presented with a certified copy of the juvenile adjudications, and that's how the State would meet its standard of proving beyond a reasonable doubt that these facts did, in fact, occur. Well, is it that the jury would be confronted with the fact that there was a juvenile conviction, or is it that the jury would be confronted with the facts of whether a juvenile offense was committed? The jury would be provided with a certified copy, establishing that the defendant did, in fact, have two juvenile adjudications for residential burglary, that if he had committed as an adult, would have been Class I felonies, where he was terminated from his probation because he did not meet the standards, or did not follow the order of the court. Defendant's claim on appeal is not that juvenile adjudications, the statute on its face, should never be allowed to enhance the sentence, but that the court should have required the State to present a certified copy to the jury, and then would have met its burden beyond a reasonable doubt. And that goes exactly, it goes specifically to the State's argument that that's why it falls within the conviction exception under Apprendi, because no properly instructed jury would have found that these juvenile adjudications were not a fact that could be used to enhance. But isn't the issue is whether or not the juvenile's conduct, in fact, constituted burglary, and the jury could find that? Isn't that what we're really talking about? No, Your Honor. In a case like this, the jury would not retry the case. They are not going to retry the case to find beyond a reasonable doubt that the juvenile, that Mr. Dunn committed residential burglary on two separate occasions. What they would find beyond a reasonable doubt is that the State has presented sufficient evidence to meet the standard under the Illinois statute, subsection 3.2B11, in that the defendant is now 17. He has two prior juvenile adjudications in his criminal history. He was terminated from his probation. These would be Class I felonies, and then the State would have met its burden under the statute. And with that, because no properly instructed jury could have found otherwise, the defendant cannot demonstrate that he was prejudiced by any alleged error. So unless Your Honors have any more questions for me, the people asked that based on argument and the people's brief, that you affirm the defendant's convictions. Thank you. Rebuttal. Your Honors, I have basically three points to make a rebuttal to the first argument, and that is, first, the standard of very slight evidence. If you look in our opening brief, it comes from a string site. And so while part of that string was cut off, Illinois law does say that very slight evidence is all that's required. Second, under the State's position, IPI 4.17, which was given to allow the jury to consider something that's not inherently dangerous as a dangerous weapon, would be unnecessary, because as a matter of law, this metal BB gun was always a dangerous weapon. So it's kind of inconsistent for the State to argue that this weapon is – no rational jury could find that this weapon wasn't dangerous, and yet instruct the jury that they should consider it dangerous based on factors beyond its inherent dangerousness. My third point is that the State is saying that no rational jury could find that this BB gun met this evidentiary threshold to where a lesser-included defense instruction was appropriate. But if you compare it to, like, second-degree murder cases, where the evidence is the defendant saying, oh, I thought it looked like he might be holding a gun, that's enough to trigger the right to get a second-degree murder instruction. So the fact that the State introduced a non-inherently dangerous weapon in this case and argued that that was the weapon, you know, in the alternative, but did argue that that was the weapon that was used, should be sufficient to allow for the lesser-included defense instructions. On the appending point, kind of one overall point to make is that the State relies on the concept of reliability, constitutional reliability. Well, the Supreme Court has rejected that notion for purposes of the Confrontation Clause. You have a right to confront the witnesses against you because that's a constitutional right. It doesn't matter if the evidence introduced is quote-unquote reliable, such as an affidavit from someone who did drugs. You still have a right to confront them. But you would agree, wouldn't you, that the evidence that would be presented to the jury, had there been a jury determination of this, would be on whether or not the defendant, when a minor was convicted, whether or not the conduct he was charged with was something he actually did. You wouldn't retry the juvenile case. Correct, because the statute as written only requires evidence of the actual adjudication. So the question is, under the plain error analysis, does this really matter? Well, to go to that point, you look at the reasoning behind juvenile adjudications, and I think it would allow for the defense to actually challenge the legitimacy of these adjudications. A lot of juveniles plead out for purposes of just getting out of there. But that again doesn't go to whether the conduct that was committed should have constituted a conviction, because the aggravating factor under the statute is not whether the defendant, when a juvenile, actually committed those acts. That's not a burden that they place on anybody. It's rather, was he convicted of a certain type of an offense as a juvenile? Correct? Correct, but the premium doesn't distinguish between those. And if you look at other areas where there is quote-unquote reliable evidence, they still have to prove it up to a jury. Like the most obvious example I can think of is you still have to prove up the age of the victim to a jury if you want to apply an extended term. But couldn't the judge just look at the victim's birth certificate? Why is the jury required to? What you're arguing is that these convictions don't really qualify as convictions because they took place in a forum where the defendant did not have a right to a jury. Correct, they are not convictions. You're right, Aaron. They're not convictions at all. They're juvenile adjudications. But the question is yes. But you still have to prove it up to a jury. Even though there might be reliable means of determining these things, it's still the jury's determination. So with that, if there's no more questions. Thank you. All right. Very well, this case will be taken under advisement.